CRANSTON *v.* NEW YORK CENT. & H. R. R. CO.

(*Supreme Court, General Term, Third Department.* July 7, 1890.)

1. RAILROAD COMPANIES—ACCIDENTS AT CROSSINGS—PRIVATE WAYS.

 In an action against a railroad company for negligently causing the death of plaintiff's intestate it appeared that defendant's track was crossed by a street at grade, that about 40 feet north of this street was a private way, used by the public as a drive-way, to the knowledge of its owners and the officers and employes of the defendant, and that intestate was driving across the track on the private way when the accident occurred. *Held*, that an instruction that defendant was not bound to give the statutory signals when 80 rods from the crossings, or either of them, was properly refused.

2. SAME—PROVINCE OF JURY.

 In such action the question whether intestate had his horse under proper control was one of fact for the jury.

Appeal from circuit court, Rensselaer county.

Action by Ann Cranston, as administratrix of David Cranston, deceased, against the New York Central & Hudson River Railroad Company to recover damages for the death of her intestate. There was a verdict for plaintiff. From the judgment entered thereon defendant appeals. The charge referred to as refused at folio 936 was as follows: "If the jury find under the circumstances of this case that Cranston approached this crossing at such speed as to be unable to stop or turn aside before going on the track that was negligence upon his part such as to prevent recovery."

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Frank Loomis,* (*Levi Smith,* of counsel,) for appellant. *Parmenter & Hardin,* (*R. A. Parmenter,* of counsel,) for respondent.

MAYHAM, J. This is an appeal, from a judgment for the plaintiff, rendered upon the verdict of a jury, and also from an order denying the defendant's motion for a new trial, made on the minutes. The action was brought and prosecuted for the alleged negligence of the defendant in running a locomotive on the defendant's railroad in Troy, by which plaintiff's intestate was killed. On the occasion of the accident, the local train on the defendant's railroad, which left Albany at 4:30 P. M., on its way to Troy, at a point where a private drive-way crosses the track of the defendant's railway, at the Troy Iron & Steel Works, the locomotive on defendant's railroad, drawing three coaches, collided with a sleigh drawn by one horse, in which plaintiff's intestate was riding, throwing him some distance, and so seriously injuring him as to cause his death. The defendant's railroad track, at about the point where the injury occurred, is crossed by Water street on a grade; and about 40 feet north of Water street is a private way, but used by the public as a drive-way, to the knowledge of the iron-works company, and also the employes and officers of the defendant, which also crosses the railroad track on a grade. At the time of the accident David Cranston, the plaintiff's intestate, was driving across the railroad track on the private way, going westerly. The crossing at this point being a surface crossing, and practically on a level, the Water-Street crossing and the private way were substantially the same. No point seems to have been made that the deceased was improperly on the private crossing, and the case, so far as the facts are concerned, turns upon the question of negligence of the defendant and contributory negligence of plaintiff's intestate. It is insisted by the learned counsel for the appellant that the plaintiff failed in the two essential particulars to make out a cause of action, and, as matter of law, the judge at the trial should for that reason have dismissed the complaint on defendant's motion: (1) That there was no proof of negligence on the part of the defendant. (2) That the plaintiff failed to establish by her proof that the deceased was free from contributory negligence, but, on the contrary, showed affirmatively that his negligence contributed to the accident. We have examined the evidence in this case carefully which bears upon the question of negligence on the part of the defendant, and find a clear and decided conflict upon the question bearing upon that subject. The rate of speed at which the train was running, the sounding of the whistle, and ringing of the engine bell, were all subjects of inquiry on the trial, as to which there was a clear and sharp conflict, raising a question of fact upon that subject proper for the jury, which we think was properly submitted to them, unless the plaintiff had so far failed on the other proposition as to make it the duty of the court to dismiss the complaint because of plaintiff's failure to establish want of contributory negligence on the part of the deceased. It appeared from the evidence that the range of vision was limited to a narrow space, as the deceased approached the crossing, and there was no evidence that he either heard or saw the approaching train in time to have avoided the collision. The topography of the surrounding lands, the nature and extent of the obstruction, both of vision and sound, the question whether there was any warning by the approaching train to attract his attention or apprise him of the danger, about which there was some conflict of evidence, were all proper subjects for the consideration of the jury, and were, as we think, properly submitted to them upon that subject. Upon these questions we think the learned judge was right in refusing to nonsuit, and the submission of them to the jury was proper; and this is especially so in view of the fact that the facts of this case, upon the above points, upon substantially the same evidence, were submitted to, and passed upon, by this court on a former appeal reported in 39 Hun, 308, where BOCKES, J., reviews the evidence, and reaches a conclusion which is tersely expressed by him as follows: "We do not think the case was so clearly and indubitably with the defendant on the proof that it could have been taken from

the jury." It is true the case was sent back for a new trial upon appeal, to the court of appeals, (9 N. E. Rep. 500,) not upon the point under discussion, but upon misdirection of the judge to the jury, and we see no reason for changing the views expressed by this court, upon this point, on that appeal. On the trial the counsel for the defendant asked the court to charge the jury that the defendant was not bound, under the circumstances of this case, to give the statutory signals 80 rods from the crossing, or either of them; which the court declined, and the defendant excepted. It is now insisted that that was error. We think the refusal of the judge to charge as requested under the circumstances of this case was proper. The evidence shows that the railroad crossing of the private way was substantially the same as Water-Street crossing, and that the public were accustomed, to the knowledge of the defendant, frequently to pass over this crossing. To hold as matter of law that no signal of approach was required at this crossing, under the circumstances of this case, would be to subject the numerous public, passing and repassing over the track at this street and private crossing, to imminent peril of frequent and dangerous collisions, which we think the facts of this case would not justify. Nor do we think it was error for the judge to refuse to charge as matter of law, as requested at folio 936 of the case.

The question as to whether the deceased had his horse under proper control was one of fact for the jury. On the whole case we see no error for which this judgment should be reversed. Judgment affirmed with costs.